NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KENNETH RAY KENT,**

*Petitioner*

**v.**

**DEPARTMENT OF THE AIR FORCE,**

*Respondent*

---

2016-1594

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-10-0652-C-2.

---

Decided: September 15, 2016

---

KENNETH RAY KENT, Denver, CO, pro se.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before PROST, *Chief Judge*, DYK and STOLL, *Circuit Judges.*

PER CURIAM.

Kenneth Kent petitions for review of the final decision of the Merit Systems Protection Board ("Board") denying his petition for enforcement of a settlement agreement. For the reasons discussed below, we affirm.

BACKGROUND

On January 10, 2012, Mr. Kent entered into a settlement agreement ("the removal settlement agreement") with the Department of the Air Force ("Air Force"), which resolved an appeal from the Air Force's decision to remove Mr. Kent from his position as a Voucher Examiner at Dobbins Air Reserve Base in Fair Oaks, Georgia. The agreement provided, in relevant part, that the Air Force would "rescind [Mr. Kent's] removal" and "allow [him] to resign with a clear record." J.A. 20. As part of this, the Air Force agreed that "[t]he remarks section of the SF-50 implementing [Mr. Kent's] resignation will reflect [Mr. Kent's] reason for resigning as follows 'Working environment was untenable to continued employment.'" J.A. 21. The agreement also provided that it "constitutes the complete understanding between [Mr. Kent] and the Agency. No other promises or agreements will be binding unless signed by both parties." J.A. 22.

On January 10, 2014, Mr. Kent filed a petition to enforce the removal settlement agreement, alleging that the Air Force had failed to comply with its terms because a reference to his removal still remained in his electronic personnel folder ("eOPF"). *Kent v. Dep't of the Air Force*, AT-0752-10-0652-C-1. He settled this action on July 7, 2014. In a second settlement agreement governing this enforcement action ("the compliance settlement agreement"), Mr. Kent agreed that he "forever waives the right to submit, proffer, or assert any and all other claims he may have against the Department of the Air Force, or any employee thereof, arising in any manner from or related

in any manner to his employment at Dobbins Air Reserve Base." J.A. 26.

On August 13, 2015, Mr. Kent filed a second petition to enforce the removal settlement agreement, alleging that the Air Force was still not in compliance with its terms because it had failed to remove references to two previous suspensions from his eOPF. On November 15, 2015, the Board issued an initial decision denying Mr. Kent's petition because, in its view, the removal settlement agreement did not require the Air Force to remove all negative references (such as suspensions) from Mr. Kent's employment record. Instead, it reasoned, the removal settlement agreement only required that the Air Force rescind Mr. Kent's removal, allow him to resign, and replace his SF-50 form. The Board also noted that the compliance settlement agreement was intended to resolve all outstanding compliance issues, and Mr. Kent had not alleged that the Air Force had failed to conform to this agreement. The Board's initial decision became final on December 15, 2015.

Mr. Kent timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of the Board's decision is limited by statute. We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Interpretation of a settlement agreement (a contract) is a question of law which we review de novo. *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed. Cir. 1998). The first step in contract interpretation is to determine "whether the written understanding is clearly

stated and was clearly understood by the parties." *King v. Dep't of the Navy*, 130 F.3d 1031, 1033 (Fed. Cir. 1997). If it is, we enforce the contract according to its terms. *Pagan v. Dep't of Veterans Affairs*, 170 F.3d 1368, 1371 (Fed. Cir. 1999). If any ambiguity exists, we interpret the contract to reflect the intent of the parties at the time the agreement was made. *Id.*

Mr. Kent contends that the Air Force's failure to remove the references to his two suspensions does not comply with the removal settlement agreement because it required the Air Force to "rescind [Mr. Kent's] removal" and allow him "to resign with a clear record." Informal Br Attach. 2. The paragraph of the settlement agreement from which Mr. Kent draws these inferences recites in full:

> The agency agrees to rescind Appellant's removal from his position as a Voucher Examiner, GS-0540-05, Individual Mobilization Augmentee (IMA) Travel Pay Office, Dobbins Air Reserve Base, Georgia on 5 April 2010, and allow the Appellant to resign with a clear record from his position as a Voucher Examiner, GS-0540-05, Individual Mobilization Augmentee (IMA) Travel Pay Office, Dobbins Air Reserve Base. The Appellant agrees that by signing this Agreement he is resigning his employment with the agency effective 5 April 2010. The remarks section of the SF-50 implementing the appellant's resignation will reflect the appellant's reason for resigning as follows "Working environment was untenable to continued employment." The parties acknowledge that the Appellant's reasons for resigning are his personal reasons and do not necessarily reflect the Agency's agreement with such reasons.

Although Mr. Kent has identified the relevant portion of the contract, we draw a different conclusion. In our

view, this clause read in context makes clear that "resign with a clear record" only promises Mr. Kent a clear record with regard to his resignation. This phrase is contained in a paragraph discussing Mr. Kent's resignation that begins and ends with this topic. The first sentence discusses how Mr. Kent will be allowed to resign. The following sentences describe the mechanics of how the resignation will be carried out. The last sentence clarifies his reasons for resignation. The entirety of the paragraph is devoted to the singular event of Mr. Kent's resignation. It does not discuss his employment more generally. As such, "clear record" must be confined to the context in which it is discussed: the record of Mr. Kent's resignation. It imposes no obligation on the Air Force to expunge other portions of Mr. Kent's employment record.

The removal settlement agreement states that it "constitutes the complete understanding between the Appellant and the Agency," J.A. 22, and no other portion of the agreement mentions any obligation with respect to Mr. Kent's records. Accordingly, the removal settlement agreement did not require the Air Force to remove the references to Mr. Kent's earlier suspensions, and the Air Force's failure to do so does not render it non-compliant. *Cf. Warren v. Dep't of the Navy*, No. SF-531D-92-0239-B-1, 1996 WL 389315 (M.S.P.B. June 19, 1996) (settlement agreement that did not "mention anything about expunging documents relating to the suspension" did not require the Navy to do so).

We have carefully considered the remainder of Mr. Kent's arguments and have determined that they lack merit.[1] We also need not consider whether the compli-

---

[1] In addition, Mr. Kent has recently filed a motion to supplement the record with certain documents he believes are relevant to our decision, including an email between Air Force officials regarding the clearing of his

ance settlement agreement forecloses Mr. Kent's current petition.  For the foregoing reasons, we affirm the Board's decision and deny Mr. Kent's petition for enforcement.

**AFFIRMED**

COSTS

Each party shall bear their own costs.

---

record, a responsive brief submitted by the Air Force during proceedings relating to the removal settlement agreement, and excerpts of literature published by the Board.  We grant Mr. Kent's motion and have also considered these submissions.  They do not alter the result.